UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DERIAN DOUGLAS HICKMAN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>LIBRARY OF CONGRESS *et al.*, )<br>)<br>Defendants. ) | Civil Action No.  14-0492 (BAH) |

**MEMORANDUM OPINION**

The plaintiff, Derian Douglas Hickman , filed a complaint in the Superior Court of the District of Columbia alleging that the United States Library of Congress has had him on a "no enter list" for "almost" two years and that the District of Columbia's Martin Luther King Public Library has him on such a list until December 2014.  Compl., ECF No. 1-1, p. 2.  The plaintiff demands judgment against the defendants in the amount of  "$1,000,000."  *Id*.

The Librarian of Congress removed the case to this Court, pursuant to 28 U.S.C. §§ 1442(a)(1) and 1446, and has moved to dismiss the complaint under Rule 12(b)(1), (b)(2), (b)(4), (b)(5), and (b)(6) of the Federal Rules of Civil Procedure. [1]  *See* Mem. of P. & A. in Supp. of Fed. Def.'s Mot. to Dismiss at 1, ECF No. 12.  The D.C. Public Library has moved to dismiss under Rule 12(b)(6).  *See* District of Columbia Public Library's Mot. to Dismiss, ECF No. 4.  The plaintiff's

---

[1]  The federal defendant's motion to dismiss under Rules 12(b)(2), (b)(4) and (b)(5) is premised on insufficient service of process.  *See* Mem. of P. & A. at 8-9.  The Court need not dwell on this issue, since this case is resolved on other grounds, but notes that because the Superior Court's grant of the plaintiff's *in forma pauperis* status continues in this Court, the court officers are responsible for effecting proper service.  *See* 28 U.S.C. § 1915(d).  Hence, a dismissal based on defective service would be premature.

opposition to each motion fails to present a cogent counter-argument to the defendants' respective arguments for dismissal. *See* Pl.'s Opp'n to the D.C. Public Library's Mot. to Dismiss, ECF No. 11; Pl.'s Opp'n to the Federal Defendant's Mot. to Dismiss, ECF No. 14. In addition, the plaintiff recently filed a one-page document that is equally unilluminating. *See* ECF No. 16 (merely listing "1. Motion for summary judgment, 2. Motion for a hearing on all motions in 14-492"). For the following reasons, the Court will grant the defendants' motions, deny the plaintiff's two-part motion, and dismiss this case.

## I. DISCUSSION

### A. The Federal Defendant's Motion to Dismiss

The federal defendant characterizes the complaint as presenting common law tort claims for libel and slander and argues for dismissal on sovereign immunity grounds. *See* Mem. of P. & A. at 1, 5-7. Sovereign immunity bars lawsuits for money damages against the United States and its agencies absent a specific waiver by the federal government. *Wilson v. Obama*, 770 F. Supp. 2d 188, 191 (D.D.C. 2011) (citing *Clark v. Library of Congress*, 750 F.2d 89, 102-04 (D.C. Cir. 1984)). Section 1346(b) of the United States Code "grants the federal district courts jurisdiction over a certain category of claims for which the United States has waived its sovereign immunity and rendered itself liable." *FDIC v. Meyer*, 510 U.S. 471, 477 (1994) (citation, internal quotation marks, and alteration omitted).

The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-80, provides a limited waiver of sovereign immunity where a plaintiff seeks monetary damages against a federal agency for certain common law torts committed by federal employees. *Wilson*, 770 F. Supp. 2d at 191 (citing *Roum v. Bush*, 461 F. Supp. 2d 40, 46 (D.D.C. 2006)). Although the Library of Congress

"is a congressional agency," *Keeffe v. Library*, 777 2d 1573, 1574 (D. C. Cir. 1985) (citing 2 U.S.C. § 171(1)), the FTCA defines "federal agency" broadly to include "the judicial and legislative branches [and] independent establishments of the United States . . . ." 28 U.S.C. § 2671. "The FTCA explicitly excludes libel and slander from its coverage," *Simpkins v. D.C. Gov't*, 108 F.3d 366, 371 (D.C. Cir. 1997) (citing 28 U.S.C. § 2680(h)), and the vaguely worded complaint reveals no other potential basis for liability against the United States.

Even if a plausible claim were found in the plaintiff's allegations, jurisdiction still is wanting because the plaintiff does not indicate that he exhausted his administrative remedies by "first present[ing] the claim to the appropriate Federal agency. . . ." 28 U.S.C. § 2675.  Such exhaustion "is a requirement of the FTCA." *Wilson*, 770 F. Supp. 2d at 191 (citation omitted). *See Simpkins v. District of Columbia Gov't*, 108 F.3d 366, 371 (D.C. Cir. 2007) (concluding that the "district court . . . lacked subject matter jurisdiction, or if not jurisdiction, the functional equivalent of it" over an unexhausted FTCA claim); *Abdurrahman v. Engstrom*, 168 Fed.Appx. 445, 445 (D.C. Cir. 2005) (per curiam) (affirming the district court's dismissal of an unexhausted FTCA claim "for lack of subject matter jurisdiction").  Hence, the federal defendant's motion to dismiss under Rule 12(b)(1) is granted.[2]

**B.  The D.C. Public Library's Motion to Dismiss**

The D.C. Public Library argues that "as a subordinate agency of the District of Columbia government," it cannot be sued in its own name.  Mem. of P. & A. in Supp. of Def.'s Mot. to

---

[2]  The federal defendants also argue against the merits of the plaintiff's claim, *see* Mem. of P. & A. at 9-10.  The Court of Appeals has made clear, however, that upon determining that an FTCA claimant has not exhausted his administrative remedies, the district court is deprived of subject matter jurisdiction and "could no more rule in favor of the government than against it." *Simpkins*, 108 F.3d at 371.

Dismiss at 3 (citing D.C. Code § 1-603.01(17) (defining subordinate agency as "any agency under the direct administrative control of the Mayor")).  Indeed, "[g]overnmental agencies of the District of Columbia are not suable entities, or *non sui juris."*  Arnold v. Moore, 980 F. Supp. 28, 33 (D.D.C. 1997) (citing *Roberson v. District of Columbia Bd. of Higher Ed.,* 359 A.2d 28, 31 n. 4 (D.C. 1976); *Miller v. Spencer,* 330 A.2d 250, 251 n. 1 (D.C. 1974)).  Hence, the D.C. Public Library's motion to dismiss is granted.[3]

## II.  CONCLUSION

For the foregoing reasons, the Court grants the motions of the federal defendant and the D.C. Public Library to dismiss the complaint and denies the plaintiff's conclusory motion for summary judgment and a hearing.  A separate final Order accompanies this Memorandum Opinion.

/s/ *Beryl A. Howell*
UNITED STATES DISTRICT JUDGE

DATE:   November 24, 2014

---

[3]   Since the complaint fails to satisfy the minimal pleading requirements set out at Federal Rule of Civil Procedure 8(a), substitution of the District of Columbia as the proper defendant is not an appropriate option.